Case 4:23-cv-04207   Document 31   Filed on 08/27/24 in TXSD   Page 1 of 14

United States District Court
Southern District of Texas
**ENTERED**
August 27, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CYNTHIA GARDNER-DOUGLAS, § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:23-CV-04207 |
| § | |
| WINNIE TUNSEL, *et al.*, § | |
| Defendants. § | |

# MEMORANDUM OPINION AND ORDER

Pending before the Court is the Motion to Dismiss filed by Defendant Scott Hilsher. (Dkt. 18). Having carefully reviewed the complaint, motion, response, and applicable law, the Court **GRANTS** the motion and **DISMISSES** the case for the reasons explained below.

## FACTUAL BACKGROUND[1]

This case arises from allegations of employment discrimination. Plaintiff Cynthia Gardner-Douglas ("Gardner-Douglas") proceeds *pro se* and *in forma pauperis* in this action. For purposes of the Court's consideration of the pending motion, the following facts alleged in Gardner-Douglas's complaint[2] are taken as true. Gardner-Douglas was selected to serve on the Harris County Appraisal Review Board ("ARB") for a two-year

---

[1] Plaintiff Cynthia Gardner-Douglas's filings in this case are sometimes a little difficult to parse and include several disjointed documents (*e.g.*, copies of emails, portions of documents sent to or received from the Texas Workforce Commission, and what appears to be a page from a manual). As Gardner-Douglas is a *pro se* litigant, the Court liberally construes her pleadings. *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam).

[2] Gardner-Douglas initially filed a form complaint and later an amended complaint. (Dkts. 1, 14). The Court considered both.

term beginning January 2022. (Dkt. 14 at 1). During her time there, her peers were assigned more work than she was and the ARB chairperson, Winnie Tunsel ("Tunsel"), gave more work to those with whom she had personal relationships. (Dkt. 1 at 5). Gardner-Douglas alleges she was terminated on June 17, 2023 "as a[] supposed case of identity theft" but that the ARB denies she was terminated. (Dkt. 14 at 2, 4). She wrote an email to Tunsel that day stating that there was never any mention of her being terminated or laid off, that she was not sure if she was "being singled out based on a physical disability," and that she would not have applied for the ARB position if she felt she could not do the job. (Dkt. 1-3 at 1; Dkt. 14 at 5). She applied for unemployment benefits following the termination but was denied because Scott Hilsher ("Hilsher")—a Senior Assistant Harris County Attorney and General Counsel to the ARB—told the Texas Workforce Commission that she had quit her job. (Dkt. 14 at 1, 4).

She filed a charge with the Equal Employment Opportunity Commission (EEOC) on July 10, 2023[3]. (Dkt. 18-1 at 8). The charge stated, in relevant part, that she was "subjected to harassment and different terms and conditions of employment by Ms. Tunsel . . . because of [her] disability;" she had been "openly discriminated against based on [her] Disability;" "Ms. Tunsel[] discriminated against [her] being disabled . . . and showed extreme favoritism on assigning ARB members to work"; and she has never been given the opportunity to move up in positions as other members were. (Dkt. 18-1 at 8). It further

---

[3] Although Gardner-Douglas alleges that to the best of her recollection, she filed the charge on June 29, 2023 (Dkt. 1 at 5), the EEOC Charge of Discrimination shows it was digitally signed on July 10, 2023. (Dkt. 18-1 at 8). In either case, she filed the EEOC charge several days after she was allegedly terminated.

stated that when she was terminated, she was "humiliated by the entire situation and believe[d] this was done on purpose due to [her] disability." (Dkt. 18-1 at 8). The EEOC issued a Notice of Right to Sue on July 21, 2023. (Dkt. 1-2 at 1).

Gardner-Douglas alleges that she interacted often with Hilsher in the process of being employed, during her employment, and following her employment. For example, Hilsher emailed her a Memorandum of Understanding regarding the position, spoke at several meetings and trainings, requested that she meet with him and send him "the documents from Unemployment" following her termination, spoke with the EEOC investigator, told the Texas Workforce Commission that she quit her job, and represented Tunsel and the ARB when Gardner-Douglas appealed the Commission's decision. (Dkt. 14 at 1–2, 4, 9, 14; Dkt. 22 at 1–2, 5–6, 10).

She states that Hilsher "has been the voice for ARB on behalf of Winnie Tunsel." (Dkt. 14 at 4). However, she also states that she has "never alleged that Scott Hilsher, was involved or had knowledge in my accusations of discrimination based on my disability." (Dkt. 14 at 1). And she clarified in her response to Hilsher's motion to dismiss that she has "not accused Scott Hilsher of employment discrimination, nor any abuse to [her] physically," but that Hilsher "has knowledge of Winnie Tunsel's actions before and after [her] termination on June 17, 2023" and that "[a]ll actions taken and decisions made have been by Scott Hilsher, Winnie Tunsel, and I suspect one other person." (Dkt. 22 at 1).

Gardner-Douglas brought this action for discrimination in her employment against Hilsher pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 to

12117 ("ADA"), alleging that she was discriminated against based on her "disability or perceived disability" through termination of her employment, unequal terms and conditions of her employment, and retaliation. (Dkt. 1 at 3–4). She also appears to bring state-law claims for bullying, favoritism, and harassment. (Dkt. 1 at 3). She named as defendants Tunsel and Hilsher. (Dkt. 1 at 2). In his motion to dismiss, Hilsher argues that Gardner-Douglas's claims should be dismissed for several reasons,[4] including because she fails to state a claim under the ADA. The Court considers this argument below.

## LEGAL STANDARD

### I. Federal Rule of Civil Procedure 12(b)(6)

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion filed under Federal Rule of Civil Procedure 12(b)(6) tests a pleading's compliance with this requirement and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A complaint can be dismissed under Rule 12(b)(6) if its well-pleaded factual allegations, when taken as true and viewed in the light most favorable to the plaintiff, do not state a claim that is plausible on its face. *Amacker v. Renaissance Asset Mgmt., LLC*, 657 F.3d 252, 254 (5th Cir. 2011); *Lone Star Fund V*

---

[4] These include that Hilsher is not an "employer" under the ADA, that Gardner-Douglas failed to exhaust her administrative remedies, and that Gardner-Douglas failed to file her ADA claims within 90 days of receiving her notice of rights to sue from the EEOC. (Dkt. 18). Because the Court finds that Gardner-Douglas fails to state a claim for disability-discrimination or retaliation under the ADA, the Court need not reach these arguments.

*(U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). As the Fifth Circuit has further clarified:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. This includes the basic requirement that the facts plausibly establish each required element for each legal claim. However, a complaint is insufficient if it offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action.

*Coleman v. Sweetin*, 745 F.3d 756, 763–64 (5th Cir. 2014) (quotation marks and citations omitted).

Courts construe pleadings filed by *pro se* litigants under a less stringent standard of review. *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' *Estelle* [*v. Gamble*, 429 U.S. 97, 106 (1976)], and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *see also Payton v. United States*, 550 Fed. App'x 194, 195 (5th Cir. 2013) (affirming dismissal of *pro se* complaint that "failed to plead with any particularity the facts that gave rise to [the plaintiff's] present cause of action") ("[T]he liberal *pro se* pleading standard still demands compliance with procedural standards.").

When considering a motion to dismiss, a district court generally may not go outside the pleadings. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010). The court's review is limited to the complaint; any documents attached to the complaint; any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint; and matters subject to judicial notice under Federal Rule of Evidence 201. *Allen v. Vertafore, Inc.*, 28 F.4th 613, 616 (5th Cir. 2022); *George v. SI Group, Inc.*, 36 F.4th 611, 619 (5th Cir. 2022); *see, e.g.*, *Robles v. Ciarletta*, 797 F. App'x 821, 831 (5th Cir. 2019) (district court properly considered body camera video and police report when ruling on motion to dismiss where both pieces of evidence were referenced in complaint and were central to plaintiff's claims).

## II. Section 1915

Under Section 1915, a district court "shall dismiss [a] case" brought by a plaintiff proceeding *in forma pauperis* "at any time if the court determines that ... the action ... is frivolous or malicious [or] fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B); *see also Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002); *Patel v. United Airlines*, 620 Fed. App'x 352 (5th Cir. 2015). An *in forma pauperis* case may be dismissed as frivolous if it lacks an arguable basis in law or fact. *Newsome*, 301 F.3d at 231. "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Id.*

**ANALYSIS**

Gardner-Douglas has failed to state a claim under the ADA for disability discrimination or retaliation, and thus her claims against Hilsher will be dismissed. Her claims against Tunsel will be dismissed for the same reason.

### III. Disability-Discrimination Claims

Gardner-Douglas has failed to state a claim against Hilsher for disability discrimination under the ADA. Though she alleges that she was subject to different terms and conditions in her employment than her peers and that she was terminated, she fails to allege that she has a disability as defined by the ADA.

Under the ADA, it is unlawful for an employer to "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). "A claim of discrimination under the ADA requires a plaintiff to allege a disability, that he was qualified for his position, and that he suffered an adverse employment action because of his disability." *Olivarez v. T-mobile USA, Inc.*, No. 20-20463, 2021 WL 1945680 (5th Cir. May 14, 2021); *Dabbasi v. Motiva Enterprises, L.L.C.*, 107 F.4th 500, 508 (5th Cir. 2024) ("To establish a prima facie case of disability discrimination, [plaintiff] must demonstrate '(1) he has a disability, or was regarded as disabled; (2) he was qualified for the job; and (3) he was subject to an adverse employment decision on account of his disability.'" (quoting *Caldwell v. KHOU-TV*, 850 F.3d 237, 241 (5th Cir. 2017))). Thus, "[t]o plead a

cause of action under the [ADA], a plaintiff must first plausibly allege he is disabled within the meaning of that Act.'" *Hughes v. Terminix Pest Control, Inc.*, No. 23-30617, 2024 WL 3440465, at *1 (5th Cir. July 17, 2024); *Tyler v. La-Z-Boy Corp.*, 506 F. App'x 265, 267 (5th Cir. 2013) ("As a threshold requirement in an ADA claim, the plaintiff must, of course, establish that he has a disability" (quoting *Waldrip v. Gen. Elec. Co.*, 325 F.3d 652, 654 (5th Cir. 2003))).

That requires alleging the plaintiff (1) has an "impairment" that "substantially limits" a "major life activit[y]," (2) has "a record of such an impairment," or (3) is "regarded as" having an impairment "whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102. "We assess whether a plaintiff had a disability at 'the time of the adverse employment action.'" *Dabbasi*, 107 F.4th at 508 (quoting *Jennings v. Towers Watson*, 11 F.4th 335, 344 (5th Cir. 2021)).

> Physical or mental impairment means—(1) Any physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more body systems, such as neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genitourinary, immune, circulatory, hemic, lymphatic, skin, and endocrine; or (2) Any mental or psychological disorder, such as an intellectual disability (formerly termed "mental retardation"), organic brain syndrome, emotional or mental illness, and specific learning disabilities.

29 C.F.R. § 1630.2. Major life activities "include, but are not limited to," seeing, hearing, walking, thinking, and "operation of a major bodily function." 42 U.S.C. § 12102(2).

Gardner-Douglas has failed to allege an ADA claim based on an actual disability. She has not sufficiently alleged that she has an impairment or a record of an impairment, let alone one that substantially limits a major life activity. Although Gardner-Douglas

several times states that she has a "disability," nowhere in her initial complaint, amended complaint, EEOC charge, or response to Hilsher's motion to dismiss does Gardner-Douglas name, identify, or describe her disability. The only insight Gardner-Douglas provides is that the disability may be "physical." (Dkt. 1-3 at 1). She also does not allege that said disability affects any major life activity, including any of those that are specifically listed in the ADA. She thus necessarily cannot allege that her disability "substantially limits" any major life activity. Merely asserting that she has an unspecified physical disability is insufficient to "plausibly allege" that she is disabled within the meaning of the ADA. *Hughes*, No. 23-30617, 2024 WL 3440465, at *1; *see, e.g., Aguirre v. W.L. Flowers Mach. & Welding Co.*, No. CIV.A. C-11-158, 2011 WL 2672348, at *2 (S.D. Tex. July 7, 2011) ("Plaintiff's reference to a 'medical condition' that limited him to working no more than forty-five hours per week does not adequately allege the existence of a 'disability' as defined by the ADA, as it neither states the nature of the impairment nor the manner in which Plaintiff's major life activities are substantially limited."); *Norris v. Saafe House*, No. 4:23-CV-752, 2023 WL 8456140, at *4 (S.D. Tex. Dec. 6, 2023) (finding that plaintiff did not sufficiently allege nature of her disability—and dismissing discrimination claim under the ADA—where plaintiff merely stated that she was permanently disabled under the ADA and defendant was aware of her disability at the time of hire but did not describe "the nature of her disability or her level of impairment" anywhere in her complaint); *Adamore v. Sw. Airlines Corp.*, No. CIV.A. H-11-0564, 2011 WL 6301398, at *7 (S.D. Tex. Dec. 15, 2011) (dismissing ADA claim

where plaintiff "summarily state[d] that she is disabled" but did "not identify her disability and plead[ed] no facts linking her alleged disability to any mistreatment or lack of accommodation"); *St. v. Maverick Tube Corp.*, No. 4:15-CV-02736, 2016 WL 8711338, at *6 (S.D. Tex. June 17, 2016), *report and recommendation adopted*, No. 4:15-CV-2736, 2016 WL 3948106 (S.D. Tex. July 19, 2016) (finding plaintiff had not alleged sufficient facts to show that he had "a disability within the meaning of the ADA" where he did "not claim that his injury is an impairment that 'substantially limits' a 'major life activity;' that he 'has a record of such impairment;' or that he 'is regarded as having such impairment.'").

Alleging that Hilsher discriminated against her because of her unspecified physical "disability" is also not enough to state a "regarded as" ADA claim. Though the "regarded as" definition of disability is broader than its counterparts, not every alleged "disability" qualifies as an impairment under the ADA. For example, in *Chancey v. BASF*, the plaintiff sued BASF for disability discrimination under the ADA on the theory that BASF "regard[ed] him as if he had an 'impaired immune system and an impaired respiratory system.'" No. 23-40032, 2023 WL 6598065, at *1 (5th Cir. Oct. 10, 2023), *cert. denied sub nom. Chancey v. BASF Corp.*, 144 S. Ct. 1060 (2024). The Fifth Circuit explained that it agreed with the district court's holding that "merely being at risk of developing a condition is insufficient to state a disability-discrimination claim under the ADA." *Id.* at 2. In the same vein, the "definition of impairment does not include physical characteristics, including eye color, hair color, left-handedness, height, or weight that is

within a 'normal range' and is not the result of a physiological disorder." *E.E.O.C. v. Res. for Hum. Dev., Inc.*, 827 F. Supp. 2d 688, 693–94 (E.D. La. 2011) (citing 29 C.F.R. § 1630.2(h)). Here, Gardner-Douglas's conclusory allegations that she has a physical disability is insufficient to satisfy Rule 8. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Accordingly, the Court holds that Gardner-Douglas has failed to state a claim for disability-discrimination under the ADA.

### IV.     Retaliation Claim

Gardner-Douglas also fails to state a retaliation claim under the ADA against Hilsher.

"The ADA prohibits an employer from 'discriminat[ing] against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the ADA].'" *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 303–04 (5th Cir. 2020) (alterations in original) (quoting 42 U.S.C. § 12203(a)). "To establish a prima facie case of unlawful retaliation under the ADA, the plaintiff must show that: (1) she engaged in an activity protected by the ADA, (2) she suffered an adverse employment action, and (3) there is a causal connection between the protected activity and the adverse action." *Id.* To demonstrate "a causal connection between the protected activity and the adverse action[,] a plaintiff must demonstrate that

the employer's decision 'was based in part on knowledge of the employee's protected activity.'" *Id.* at 305.

Though Gardner-Douglas lists retaliation as a cause of action, she alleges no facts to support that claim. Specifically, she does not allege that she suffered an adverse employment action with a causal connection to activity protected by the ADA. The most detail she provides on this claim is that she was "reta[liated] against" "based on [her] Disability." (Dkt. 14 at 4). She does not state a claim that is plausible on its face. *Amacker*, 657 F.3d at 254.

But even if this Court assumes that Gardner-Douglas engaged in a protected activity (*i.e.*, filing an EEOC charge) and the adverse employment actions which she suffered were her termination and different terms and conditions of her employment, her claim will still fail because there is no causal connection between the protected activity and the adverse employment action. *Lyons*, 964 F.3d at 304 (explaining that filing an EEOC charge is an activity protected under the ADA). Gardner-Douglas asserts that she was subject to different terms and conditions during her employment and that her employment was terminated on June 17, 2023. But she did not file her EEOC charge until after the termination of her employment (*i.e.*, on July 10, 2023), which means that the protected activity followed the adverse employment action—and thus that the protected activity did not cause the adverse employment action. And, even assuming that the adverse employment action was Hilsher lying to the Texas Workforce Commission about whether

she quit her job, Gardner-Douglas has not alleged that that action was in any way connected to her filing an EEOC charge, let alone that one had a causal connection with the other.

"Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Twombly*, 550 U.S. at 556 n.3. Gardner-Douglas has failed to make the requisite showing on her retaliation claim.

### V.     Claims against Tunsel

Tunsel has not appeared in this lawsuit, and the Court examines whether Gardner-Douglas's claims against her are appropriately dismissed under 28 U.S.C. § 1915(e)(2)(B). Gardner-Douglas brings the same causes of action against Tunsel and Hilsher. (Dkt. 1 at 3). She fails to state a claim against Tunsel for the same reasons she fails to state a claim against Hilsher. Her claims against Tunsel are therefore dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

### VI.    Supplemental Jurisdiction

Gardner-Douglas appears to assert causes of action for bullying, favoritism, and harassment under state law. (Dkt. 1 at 3). Having dismissed all federal causes of action in this case, the Court will decline to exercise supplemental jurisdiction over Gardner-Douglas's state-law claims. Federal district courts have the discretion to decline to exercise supplemental jurisdiction over state-law claims; that discretion is guided by the statutory

factors set forth in 28 U.S.C. § 1367(c) and the common-law factors of judicial economy, convenience, fairness, and comity. *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008).

## CONCLUSION

For the reasons stated above the Court finds that Hilsher's Motion to Dismiss (Dkt. 18) is **GRANTED**, and Gardner-Douglas's claims against Tunsel are **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B). To the extent Gardner-Douglas brings state-law claims, her claims are **DISMISSED without prejudice**.

SIGNED at Houston, Texas on August 27, 2024.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE